Good morning. Your Honors, Elena Kononova, appointed pro bono counsel for plaintiff Mr. Pickering. May I reserve two minutes for rebuttal? Of course. This is the second time this court is hearing this case. Almost four years ago, this court remanded this action for proceeding on the merits of Mr. Pickering's Eighth Amendment claim. But Mr. Pickering did not get a merits hearing on that claim. No court has ever heard the merits of that claim. The only reason the district court denied Mr. Pickering the opportunity for a merits hearing on that claim is based on a fundamental error of California law. The district court concluded here. So what happened, as I understand it, ma'am, is that Mr. Pickering wouldn't wait long enough for us to do anything about his claim. He starts filing his own actions in California, right? After the district court's initial dismissal that was later reversed by this court, he did, proceeding pro se on the advice of a jailhouse lawyer, attempt to file State court claims before the State court. He did not attempt to pursue the Eighth Amendment Federal 1983 claim in that court. Well, his allegation sure seemed like an Eighth Amendment claim. We are not disputing that the cause, that the fundamental harm that he alleged in the State court action is the same harm. It's the harm that Dr. Anenmo disregarded his serious need for medical, urgent medical attention. So the same primary right is at issue. We don't dispute that it's the same primary right. Our position is that it was not a final judgment on the merits. The district court here thought the State court was a final judgment on the merits because it was a general demur. But that is the fundamental error of California law because under California Supreme Court authority, not all general demurs are final judgments on the merits. And in fact, Dr. Anenmo concedes that the statute of limitations dismissal, even though it was part of this general demur, was not a final judgment on the merits. Well, that seems to be pretty good. And because this action was filed before California, then California suggesting the statute of limitations applied to its claim would not necessarily be appropriate on this claim. If they would have been filed the same time, then we would have something that would be a different story, right? Absolutely, Your Honor. In this case, though, there's no dispute that Mr. Pickering's federally filed Eighth Amendment 1983 claim is timely and that the statute of limitations dismissal from the State court does not control it. But leave aside the statute of limitations. There was a determination on the State claim, which is the same primary right, that there was a failure to state a cause of action because one of the elements of the cause of action, the filing of the claim in advance, was not present, correct? That's correct, Your Honor. And that is not a final judgment on the merits. And that is because the State notice provision under the Government Claims Act is not quote, equally applicable to the 1983 claim. No, wait. But when there are different legal theories and the same primary right, you often have different elements to a cause of action, some of which are present sometimes and some of which are not. The fact that you pursue one, there's a judgment on the merits, then you pursue a second legal theory where maybe a particular element wouldn't have been required, you're nonetheless barred from pursuing that, correct, under California law? Your Honor, not under California law. Under the cadence decision from the California Supreme Court, 1952, which has been cited recently by the California Courts of Appeals, a prior judgment is not a bar to a subsequent action if the grounds on which the prior judgment is based are not, quote, equally applicable to the subsequent action. In the McKinney decision from the California Court of Appeals, that principle was applied to this State notice provision. Well, it would seem, and I'm just following up on my colleague, it would seem to me that we're not really talking about whether you have to prove the same elements because if, in fact, a claim in the California court were dismissed and it was a final claim and all the elements were there and they determined that that was final, it would seem to me then at that point as to that particular claim, it would eliminate any claims, even on other actions which might be filed. And that was, in fact, her point. So why is the Government Claims Act any different? That is because the Government Claims Act notice provision is a conditioned precedent to filing a claim for damages in State court. It is not a conditioned precedent to a Federal 1983 cause of action. Well, I understand that, but there could be elements that were applicable in a State court action which are not applicable to the action here, and res judicata would still apply. There are, for instance, there's no question that California would suggest that is an element of the cause of action against the State, and therefore, since it's an element of the cause of action against the State and it was finally adjudicated, how do we get around that it then res judicata for the same cause of action in our court? Judge Smith, you would follow the California Supreme Court authority in cadence, which says that a ground for dismissal is only preclusive of a subsequent action if that ground is equally applicable to the second action. And the conditioned precedent of filing a State notice claim is simply not applicable to a Federal claim. California could not condition a Federal, a pursuit of a Federal right, such as a claim under Section 1983, on a substantive condition precedent under California law that would violate the supremacy clause. So let's move to the private right of action, because that was the next, if you will, claim that was made in the underlying case. And there was no question the Court said there is no private right of action against the State. That would seem, based on the general premises as to same parties, same cause of action, and you've agreed they're really the same cause of action, then why is it not applicable? That is also not a determination on the merits that would preclude a Section 1983 claim, and that's under the Busick decision from the California Supreme Court of 1972, which states that when a plaintiff seeks a remedy that is not available to him, that plaintiff is not precluded from bringing another proceeding to obtain a recovery which is available. And unquestionably, recovery under Section 1983 is available to the plaintiff here. What if we don't quite agree with you about the California Claims Act? At that point, is there any way for you to save this claim? The California State action is terminated, and this was the ground on which the district court claims preclusion was the ground on which the district court dismissed this claim. So our position is that the California Tort Claims Act is not applicable to that. I understand, but supposing we don't agree, is there any way to save your claim? If you do think that res judicata applies here, we would suggest that we fall under the exceptions to res judicata under the public interest and manifest injustice doctrines. This is a case that's unlike a lot of other 1983 civil rights cases. This is a claim which this Court held deserves a hearing on the merits, and this plaintiff has never had that hearing on the merits. He's been attempting to get it since 2011. But this really doesn't seem like a question of a substantial question. All this is about is whether the chief medical officer showed particular indifference. That's not a statewide question. It's about holding statewide public officials responsible for their actions, Your Honor. But it really is just one chief medical officer. There's no statewide question here. There's no effect on any other prisoner litigation here. It's a chief medical officer of a statewide prison, and Mr. Pickering deserves to have the merits of his claim against this chief medical officer played out in court, if I may reserve the remaining time for rebuttal. Thank you. Your Honors, good morning. I'm Chief — excuse me, I just gave myself a promotion. I'm Deputy Attorney General Jamie Ganson, and I represent Chief Medical Officer Anenmo, the defendant in this action. Now, California's res judicata doctrine defines cause of action based on the injury alleged and requires that all legal claims based on the same cause of action be brought in a single suit. Mr. Pickering has sued Dr. Anenmo two times based on the same alleged injury. Because his state action proceeded to final judgment first, the only issue in this court is whether California would afford that state court judgment a claim preclusive effect. But as I understand it, you're already agreeing that as to the statute of limitations ground, there is no res judicata? Correct, Your Honor. So we're really left with the Government Claims Act ground or the private right of action ground, correct? Yes, Your Honor. So the toughest case for you, I think, is McKinney. If I may, Your Honor. So how do I get around McKinney? Well, the reason why McKinney's equally applicable exception does not apply is clearly described in C v. Jolin. And that explains that the equally applicable exception applies only when the defect in the prior action was technical or formal. Now, in Kyditz, Daniels, and Simmons, these were all procedural defects. The prior actions were dismissed for failure to amend a complaint or failure to serve a complaint. McKinney did apply the equally applicable exception to the Government Claims Act dismissal. Because it had couched the Government Claims Act requirement as a procedural defect. But that ruling, that portion of the ruling was ultimately overruled in the Supreme State, excuse me, by the California Supreme Court in the body decision. And that decision held that California's Government Claims Act is an integral element that must be alleged to state a cause of action and explicitly holds that it's a substantive element of a State law claim. Well, but what do I do with McKinney where it says, only race judicata were the ground on which the demur in the former action is equally applicable to the second one. And the answer is not preclusive. And then McKinney goes on to analyze whether the new filing fixed the old filing. And it didn't. And so, therefore, they said, no race judicata. It seems to me they're dead on point with what I've got. In those cases, they are applying the general race judicata doctrine, which has two aspects as for claim preclusion. When the defect is substantive, as we have here under body, where the Government Claims Act is a substantive element of the claim, you go no further. It's only when the prior litigation had a defect that was technical or formal. So in Kydatz, for example, on which McKinney cites, the California Supreme Court said, since the former judgment was entered after a general demur and had been sustained with leave to amend, it is necessary to determine the scope of the rest judicata doctrine. These holdings are consistent from 1941 in C v. Jolin through Kydatz, 1952, all the way through present day in Simmons, where even the district court here looked at a case where there was not a substantive dismissal on the merits. In those conditions, they look to whether the defect can be cured because the original court had given the plaintiff a chance to cure the defect. That's not the case here. Here, Mr. Pickering's action was dismissed with prejudice for his failure to comply with the Government Claims Act. And under Supreme Court precedent in Boddy, which is a 2004 decision, so it postdated all of the other decisions, this holds that it's a substantive element of claim. And Boddy explains why. Boddy explains that when the common law sovereign immunity doctrine was abolished by case law, the California legislature responded immediately by reestablishing governmental immunity in the Government Claims Act. Now, if you trace back to Slater v. Blackwood, there the California Supreme Court expressly held that dismissals based on common law governmental immunity have a preclusive effect. So here it's clear. The missing element. We don't have that here. I'm sorry? We don't have immunity here. The Government Claims Act is the California's immunity statute. Well, I understand what the government's claiming, but what you're really saying, as I understood it, is you were saying that you've got to comply with filing in order to have a cause of action against the State, right? Yes, Your Honor. And Boddy concedes that the Government Claims Act is couched in procedural terms, but still holds that it's a substantive requirement. I understand, but when you get to procedural terms, then are we talking about the very types of cases which the case you've cited suggests are really not on the merits, but they're on a technicality or a procedural aspect? Your Honor, Picardo v. Safeway Stores, the California appellate court decision, is instructive here. There, the Court held that claim preclusion applies even when the element missing from the first litigation is not required in the second. And there, the plaintiff had brought suit in Federal court under the Clayton Act, alleging a Federal cause of action. His action was dismissed for failure to state a claim because he couldn't meet one element. He then tried to bring, amend his complaint in Federal court to bring a State law claim, and the Court dismissed that as untimely. The Picardo plaintiff then proceeded to State court and brought a second action, again trying to allege the same State law claim, where the missing element in the prior action was not an issue. The California appellate court still found that res judicata applied and that the prior judgment had a claim preclusive effect. Do we need to send this to California's Supreme Court to tell us what to do? We certainly could, but I don't believe it's necessary. Here, the California Supreme Court and appellate court decisions show that in cases where the dismissal is on a substantive element, there is no exception that allows them to try to cure the deficiency. Instead, the prior judgment has a preclusive effect. Why do you say this is a substantive element when the notification through an administrative claim is simply for the purpose of notifying the municipal defendant so they can investigate and perhaps settle the case without litigation? It doesn't change any of the facts which constitute the cause of action by the plaintiff. I have two points in response to that, Your Honor. First is that it's not a mere filing requirement. It's the process that they go through to waive governmental immunity. And the second point But it's process. You said it yourself. It's couched as in procedural terms. It is a procedural term. It can be waived, can't it? It may be able to. But, Your Honor, the point is that the California Supreme Court has held that it is a substantive element of a claim. Why? You're using adjectives to make law. Tell me what's substantive about it. The substantive part about it is that it's, under California law, an integral element that must be alleged to state a cause of action. It's a necessary precondition of bringing the action, just like the statute of limitations. It is also, Your Honor, under Gonzales v. CDCR, this Court held that the only issue in these res judicata cases where the first judgment is under State law is what a California court would afford a claim preclusive effect. And here, the California Supreme Court has indicated in body that the Government Claims Act dismissal is a substantive requirement, and also in McKinney, that res judicata will apply, although res judicata applies. Well, it seems to me that if we followed McKinney to the letter, you'd lose, because McKinney said all the things you want us to say. And then it went ahead and analyzed the case and said they tried to determine whether the new filing fixed the old filing. And they wouldn't have had to do that if they were going where you're going. That portion of the McKinney decision was overruled by the body decision, which came 24 years later, and established by the California Supreme Court that the Government Claims Act compliance is a substantive element. And so that's why McKinney would not control. Well, I don't think that they changed what McKinney was saying on that. If that's the best you got on out-of-body, I mean, I read body, and I tried to see that if it was any different with McKinney. Frankly, I don't think it is any different, because we knew at the time McKinney that compliance with the GCA would be an element of the cause of action. But nonetheless, in McKinney, though it may be an element, it didn't make any difference. At the time of McKinney, however, the Court considered the Government Claims Act compliance to be a procedural requirement. And in body, the Court goes through and explains that although many courts in California had differed, it was finally setting down the rule. And body explains that it's a common law, sovereign immunity doctrine was replaced by the California Government Claims Act, and that it is integral to a cause of action, it must be alleged, and is a substantive element. There's no stronger language the California Supreme Court could have put forward to explain that it's a substantive element of a claim. Your Honors, I see that I'm out of time. The district court here correctly applied California law, and Dr. Anenmo respectfully asked this Court to affirm the district court decision. Thank you for your time. You're out of time, so we thank the parties for their presentation. And the case of Pickering v. Anenmo is submitted for decision. Thank you very much.
judges: Bea, N.R. Smith, Staton